Argued and submitted March 7, 1984, reversed and remanded to Court of Appeals January 29, 1985

## CITY OF SALEM et al,
*Respondents,*

*v.*

## FAMILIES FOR RESPONSIBLE GOVERNMENT, INC. et al,
*Petitioners.*

(CA A25302 (Control))

## 1000 FRIENDS OF OREGON,
*Petitioner/Petitioner on Review,*

*v.*

## CITY OF SALEM,
*Respondent/Respondent on Review,*

*and*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent/Petitioner on Review.*

(CA A25375)
(SC 29949, 29954)

694 P2d 965

Michael B. Huston, Assistant Attorney General, Salem, argued the cause for Land Conservation and Development Commission. With him on the petition were Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor General, Richard D. Wasserman, Assistant Attorney General, and Mary J. Deits, Assistant Attorney General, Salem. Also on the brief was Stanton F. Long, Deputy Attorney General, Salem.

Robert E. Stacey, Jr., Portland, argued the cause and filed the petition for 1000 Friends of Oregon.

Jeannette M. Launer, Assistant City Attorney, Salem, waived appearance for the City of Salem. With her on the brief was William J. Juza, City Attorney, Salem.

No appearance by Families for Responsible Government, Inc. On the brief was Corinne C. Sherton, Salem.

CARSON, J.

## CARSON, J.

In this consolidated case,[1] the Land Conservation and Development Commission (LCDC) and 1000 Friends of Oregon (1000 Friends) separately petitioned for review of a Court of Appeals' decision which affirmed, in part, and reversed and remanded, in part, the LCDC Order acknowledging the Salem Area Comprehensive Plan and implementing regulations as being in compliance with the statewide land use planning goals.[2] *City of Salem v. Families for Responsible Government,* 64 Or App 238, 668 P2d 395 (1983). We limited our review to one issue raised by both petitioners: Whether creating a new city (Keizer) within the acknowledged urban growth boundary (UGB)[3] of the City of Salem renders moot judicial review with respect to that part of the Salem Area Comprehensive Plan included within the new city's limits. For the reasons discussed below, we reverse and remand to the Court of Appeals.

The Salem Area Comprehensive Plan at issue was jointly prepared and adopted by the City of Salem, Marion County and Polk County. The City of Salem made two requests for acknowledgment of the comprehensive plan, pursuant to ORS 197.251, which were rejected by LCDC because of goal violations. In May 1982, over objections by 1000 Friends and Families for Responsible Government (FRG) that the comprehensive plan impermissibly had included certain lands within the UGB, LCDC finally acknowledged the Salem Area Comprehensive Plan and implementing city and county land use regulations as being in compliance with the statewide land use planning goals.

---

[1] Two cases challenging LCDC's acknowledgment of the Salem Area Comprehensive Plan were consolidated before the Court of Appeals. However, no issues decided in the appeal brought by Families for Responsible Government below have been petitioned for review by this court.

[2] "Acknowledgment" means an LCDC order which certifies that a comprehensive plan and implementing land use regulations comply with the statewide land use planning goals. ORS 197.015(1). A "comprehensive plan" is a land use map and policy statement of a local governing body that "interrelates all functional and natural systems and activities relating to the use of land, including, but not limited to, sewer and water systems, transportation systems, educational facilities, recreational facilities, and natural resources and air and water quality management programs." ORS 197.015(5).

[3] An "urban growth boundary" is a boundary established to separate urbanizable land from rural land. Goal 14.

Both FRG and 1000 Friends sought judicial review of the acknowledgment order with respect to several areas included within the Salem area UGB. 1000 Friends objected to the inclusion of Area I[4] within the Salem area UGB, contending that it was neither needed for future growth nor committed to urban use. In November 1982, Keizer became an incorporated city. Keizer is located in Marion County, outside the Salem city limits, and includes the northern part of the Salem area UGB. Area I is the northern tip of the previously unincorporated area designated for urban growth, which area now lies entirely within the Keizer city limits. The Court of Appeals affirmed LCDC's Order with respect to all issues raised by FRG and with respect to LCDC's determinations about Areas I and XIII, but reversed and remanded to LCDC to redetermine whether the other disputed areas were properly within the UGB.

The Court of Appeals did not review LCDC's grounds for finding that Area I was properly within the UGB. That court held that the incorporation of the City of Keizer in November 1982 rendered moot all questions concerning whether Area I was properly placed within the Salem area UGB. The court concluded that the act of incorporation removed the contested property from the City of Salem's jurisdiction. No further explanation was provided. The court went on to affirm LCDC's Order with respect to Area I, presumably because the court determined that the Goal 14 issues concerning inclusion of Area I were not ripe for review.

1000 Friends petitioned to this court for review of the Court of Appeals' decision with respect to Areas I and XIII. LCDC petitioned for review of the decision as to Area I. We limited our review to the Court of Appeals' decision as to Area I.

Both 1000 Friends and LCDC dispute the Court of Appeals' conclusion that creating a new city within the acknowledged UGB of another city removes the area included within the new city limits from the purview of an acknowledged plan.

Before addressing that issue, a brief explanation of

---

[4] The City of Salem designated the various geographical areas at issue by Roman numerals I through XIV. We use the same area designations.

the procedures for establishing and acknowledging UGBs may be helpful.

Goal 14 (Urbanization) requires that "[u]rban growth boundaries * * * be established to identify and separate urbanizable land from rural land." Seven factors must be considered before a local governing body can establish or change a UGB.[5] In order for the UGB to be in compliance with Goal 14, the results of the consideration of these seven factors must be included in the comprehensive plan.

Goal 14 also requires that the establishment and change of UGBs "be a cooperative process between a city and the county or counties that surround it." City and county cooperation is essential in the establishment and change of UGBs to achieve "an integrated comprehensive plan for the entire area of the county." ORS 197.190. This cooperation is consonant with the purpose of a UGB, which is to plan and regulate a city's growth beyond its current city limits.

In the present case, the urban area aspects of the acknowledged comprehensive plan were prepared jointly by the City of Salem and the counties of Marion and Polk. By ordinance, Marion County adopted an urban growth boundary and comprehensive plan for the then-unincorporated land in Marion County located between the UGB and the existing city limits of the City of Salem, of which Area I is a part. The county actions were a necessary part of the preparation of the

---

[5] Establishment and change of urban growth boundaries must be based upon consideration of the following factors:

"(1) Demonstrated need to accommodate long-range urban population growth requirements consistent with LCDC goals;

"(2) Need for housing, employment opportunities, and livability;

"(3) Orderly and economic provision for public facilities and services;

"(4) Maximum efficiency of land uses within and on the fringe of the existing urban area;

"(5) Environmental, energy, economic and social consequences;

"(6) Retention of agricultural land as defined, with Class I being the highest priority for retention and Class VI the lowest priority; and,

"(7) Compatibility of the proposed urban uses with nearby agricultural activities."

Land within the boundaries separating urbanizable land from rural land will be considered available over time for urban use. Goal 14.

Salem Area Comprehensive Plan.

█    Both petitioners argue that the Court of Appeals' decision in this case leaves the mistaken impression that each city in Oregon must establish its own separate and distinct comprehensive plan. We agree with petitioners that the plan and ordinance provisions acknowledged by LCDC remain in effect in Area I until the City of Keizer provides otherwise. ORS 215.130(2) provides:

> "*An ordinance designed to carry out a county comprehensive plan and a county comprehensive plan shall apply to:*
>
> "(a)  *The area within the county also within the boundaries of a city as a result of* extending the boundaries of the city or *creating a new city unless, or until, the city has by ordinance or other provision provided otherwise;* and
>
> "(b)  The area within the county also within the boundaries of a city if the governing body of such city adopts an ordinance declaring the area within its boundaries subject to the county's land use planning and regulatory ordinances, officers and procedures and the county governing body consents to the conferral of jurisdiction." (Emphasis supplied.)

This statute establishes that a county comprehensive plan, through its implementing ordinances, applies to the area within the county also within the boundaries of a new city unless, or until, the new city has provided otherwise. ORS 215.130(2)(b) allows a newly incorporated city, by ordinance, to declare the area within its boundaries subject to the plan and implementing ordinances of the county within which the new city lies.[6] Such a declaration presumably would meet the requirement of ORS 197.175(2), which provides:

> "* * * each city and county in this state shall:
>
> "(a)  Prepare, adopt, amend and revise comprehensive plans in compliance with goals approved by the commission;
>
> "(b)  Enact land use regulations to implement their comprehensive plans; * * *."

█    The narrow issue before us in this case is the effect of

---

[6] The City of Keizer has adopted an ordinance, presumably pursuant to ORS 215.130, declaring that it is operating under the Salem Area Comprehensive Plan and Marion County Zoning Ordinances. City of Keizer Ord. No. 83-002, adopted February 17, 1983.

a city's incorporation within an acknowledged UGB on judicial review of that part of the acknowledged plan that includes the geographic area of the new city. Because Marion County adopted the comprehensive plan at issue and because the implementing land use regulations for the area in question are Marion County ordinances, we conclude that ORS 215.130(2) applies to this case. Thus, unless or until a new city adopts its own plan providing otherwise, the new city incorporated within an acknowledged UGB must comply with the acknowledged plan and implementing land use ordinances for the geographic area of which it is a part. To hold otherwise would mean that a newly incorporated city would not have the benefit of operating under an acknowledged plan and implementing ordinances. In that event, all the new city's land use decisions would be subject to review for goals compliance until the city developed its own plan and achieved acknowledgment. *See, e.g.,* ORS 197.175(2); *Byrd v. Stringer,* 295 Or 311, 666 P2d 1332 (1983).

The result in this case is consistent both with the manner in which the Salem Area Comprehensive Plan at issue was prepared, and with the review procedure generally followed by LCDC to acknowledge UGBs. The Salem Area Comprehensive Plan at issue was jointly prepared and adopted by the City of Salem, Marion County and Polk County. The acknowledgment review of the Salem Area Comprehensive Plan included not only review of the City of Salem's ordinances and plan, but also those of Marion County and Polk County for the areas within the UGB that are outside the Salem city limits. Objections to Area I could have been properly addressed only in the acknowledgment proceedings for the Salem Area Comprehensive Plan because the areas included in Marion County's separate acknowledgment request were outside the Salem area UGB. *See Marion County v. Federation for Sound Planning,* 64 Or App 226, 236, 668 P2d 406 (1983). The acknowledgment order at issue applied to and bound not only the City of Salem, but all the area of Marion and Polk counties within the UGB.

Thus, the City of Keizer will operate under the acknowledged Salem Area Comprehensive Plan and applicable implementing Marion County ordinances, unless or until its own plan and ordinances are adopted and approved to provide otherwise. We hold that judicial review of the

acknowledged comprehensive plan at issue was not affected by the City of Keizer's incorporation. The issues surrounding the inclusion of Area I within the Salem area UGB are not moot.

We reverse and remand to the Court of Appeals to decide the merits of 1000 Friends' contention that Area I was improperly included within the Salem area UGB because it was neither needed for future growth nor committed to urban use.