Submitted on remand from Oregon Supreme Court Janury 29, reversed and remanded for reconsideration May 22, 1985

### CITY OF SALEM et al,
*Respondents,*

*v.*

### FAMILIES FOR RESPONSIBLE GOVERNMENT, INC. et al,
*Petitioners.*

### 1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

### CITY OF SALEM et al,
*Respondents.*

(A25302 (Control); CA A25375)

700 P2d 268

Robert E. Stacey, Jr., Portland for petitioner 1000 Friends of Oregon.

Corinne C. Sherton, Salem, for petitioners Familes for Responsible Government, Inc., James G. Tryon, David Pulliam, Donald Sutherland, Donald Earle, Michael J. Tryon, Emil V. Valish, Tomi Kellogg and David Stepp.

Jeannette M. Launer, Assistant City Attorney, and William J. Juza, City Attorney, Salem, for respondent City of Salem.

Michael B. Huston, Assistant Attorney General, Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor General, Richard D. Wasserman, Assistant Attorney General, and Mary J. Deits, Assistant Attorney General, Salem, for respondent Land Conservation and Development Commission.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case is before us on remand from the Supreme Court. *City of Salem v. Families for Responsible Govt,* 298 Or 574, 694 P2d 965 (1985). In our former opinion, 64 Or App 238, 668 P2d 395 (1983), we held that the issue of whether the inclusion of Area I in the Salem Urban Growth Boundary (UGB) complied with Goal 14, the urbanization goal, was moot because of the incorporation of the City of Keizer. The Supreme Court reversed that holding and remanded the case to us to decide whether the Land Conservation and Development Commission (LCDC) was correct in determining that the area is committed to urban uses. We hold that the area is not so committed and therefore reverse and remand.

Area I is a bulge on the extreme north of the Salem UGB. LCDC and the city do not claim that the area is needed for the anticipated growth of the Salem area. Rather, they justify its inclusion because an anticipated need for sewer services resulting from an excessive number of septic systems in the area supposedly irrevocably commits it to urban uses. Sewers, they state, would be economically feasible only at urban densities. After its first review, LCDC required the city to remove Area I from the UGB. However, on a later submission, LCDC accepted the city's justification of the area's retention:

> "The northern portion of this area has problems with septic tank drain fields that create a potential health hazard. Because the most dense development and the most severe septic failures are at the fringe of the boundary, it is necessary to include excess land between the existing urban area and the Clearlake Area. This area will ultimately need urban services which can be supplied either by the City of Salem or the Keizer Service District. Another factor in the continued inclusion of this area in the boundary is that urban development has extended to the edge of the remaining farms, making it difficult to continue normal farming practices."

Petitioner 1000 Friends of Oregon correctly argues that that justification is not supported by substantial evidence. The city's statement, which LCDC adopted by reference, purports to set forth findings based on the evidence, not to be the evidence itself. The city and LCDC have directed us to no evidence in the record concerning septic tank drain fields, health hazards, septic failures or difficulty with normal

farming practices resulting from previous urban development in this area. Because the findings are entirely without evidentiary support, the conclusions which the city and LCDC draw from those findings are also unsupported. *See City of Salem v. Families for Responsible Govt, supra,* 64 Or App at 248-49, *rem'd on other grounds* 298 Or 574, 694 P2d 965 (1985); *see also 1000 Friends of Oregon v. LCDC,* 69 Or App 717, 723 n 5, 688 P2d 103 (1984). LCDC erred in finding that the inclusion in the UGB of Area I complied with Goal 14.

Reversed and remanded for reconsideration.