Argued and submitted June 19, affirmed July 26, 1989

## STANDARD INSURANCE COMPANY,
*Respondent,*

*v.*

## CITY OF HILLSBORO,
*Respondent Below,*

*and*

## HILLMAN POWELL COMPANY et al,
*Petitioners.*

(LUBA 88-120; CA A60644)

776 P2d 1313

Lawrence R. Derr and Weiss, DesCamp & Botteri, P.C., Portland, filed the brief for petitioners.

Jacob Tanzer, Portland, argued the cause for respondent. With him on the brief was Ball, Janik & Novack, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's decision that the City of Hillsboro lacked jurisdiction to consider a petition for reconsideration of, or to make final Washington County's approval of, an amendment to county's comprehensive plan map.[1] The county governing body made its decision on November 8, 1988. Petitions for reconsideration were filed with the county on November 8 and November 9. The county did not act on the petitions and, on November 9, the area affected by the proposed amendment was annexed to the city.

Under sections 211-2.1 and 211-2.2 of the county Community Development Code:

"If no petition for reconsideration is timely filed, the decision shall be deemed final on the date notice of the decision was provided to the parties;

"If a petition for reconsideration is filed and denied, the decision shall be deemed final on the date notice of the denial of reconsideration is provided to the parties."

Hence, the county's decision was not final at the time of the annexation. The city council purported to deny the petitions for reconsideration on December 20.

In its appeal to LUBA, Standard Insurance Company argued, *inter alia,* that the city had no authority to act on the petitions for reconsideration or to take any action in connection with the county proceedings that were pending at the time of annexation.[2] We agree. The city understood its action to be justified—and possibly required—by ORS 215.130(2)(a), which provides:

"An ordinance designed to carry out a county comprehensive plan and a county comprehensive plan shall apply to:

"(a) The area within the county also within the boundaries of a city as a result of extending the boundaries of the city or creating a new city unless, or until the city has by ordinance or other provision provided otherwise."

---

[1] The county's action is the subject of a separate petition for review, which we also decide today. *Standard Ins. Co. v. Washington County,* 97 Or App 687, 776 P2d 1315 (1989).

[2] LUBA declined to reach that argument, because it agreed with another jurisdictional argument advanced by Standard. We do not reach the other argument.

That statute prescribes the substantive law that a city must apply in making *its* land use decisions relating to newly annexed territory. *See Multnomah County v. City of Fairview,* 96 Or App 14, 771 P2d 289, *rev allowed* 308 Or 184 (1989). The statute does not give the city authority to make a final land use decision in a county proceeding that was pending when the affected area was annexed. At the time of the annexation, the county lost its authority over the area, and the proceedings on the proposed amendment came to an end. There was nothing to deny reconsideration of at the time that the city purported to do so.[3]

Affirmed.

---

[3] We question, but need not decide, whether ORS 215.130(2)(a) allows a city to amend a county's comprehensive plan map.